In Re Petition of John Warthman, for a Rule to Show Cause why a Judgment should not be Opened and Parties let into Trial.

*Attachment, Foreign — Opening Judgment, for Purpose of Ascertaining Amount Due — Attachment Remains and Binds the Property; Subject to the Judgment of the Court.*

1. Upon proper petition a judgment obtained upon a foreign attachment will be opened for the purpose of ascertaining what is due thereon, if anything. But while the judgment is opened for that purpose, the attachment will remain, and the property continue held by the attachment, subject to the judgment of the Court.

2. See *Taylor vs. Rossiter, 6 Houst., 485.*

(*May 8, 1903.*)

Lore, C. J., and Spruance and Boyce, J. J., sitting.

*George M. Jones* for petitioner.

*James H. Hughes* for plaintiff in judgment.

Superior Court, Kent County, April Term, 1903.

Foreign Attachment.

The petition was in the following form, to wit:

The petition of John Warthman, of the Town of Port Norris, and State of New Jersey, respectfully represents:

That at the October Term, A. D. 1902, of this Court, a judgment upon foreign attachment proceedings at the suit of Hezekiah Harrington was recovered against your petitioner for the sum of two hundred and ninety-two dollars and ninety-six cents, said judgment being of record in the office of the Prothonotary of this Court in Continuance Docket No. 18, page 29;

That the writ of foreign attachment upon which said judgment

was obtained was issued out of this Court on the eighteenth day of March, A. D. 1902, the same being No. 39 to the April Term, 1902, of this Court;

That your petitioner had no notice or knowledge of the said proceedings nor the issuance of the said writ of foreign attachment nor the recovery of the said judgment, and that he was not present in person or by attorney at the rendition of the judgment aforesaid nor at any stage of the proceedings;

That your petitioner was never informed by the said Hezekiah Harrington, nor by anyone for him, of any claim against him, nor did he know that any such existed until after the rendition of the said judgment and the holding of the inquisition thereon;

That to the best of his knowledge and belief he is not now, nor was he at the time of the issuance of the said writ of foreign attachment indebted to the said Hezekiah Harrington in any amount whatever;

That your petitioner has a just and legal defense to the whole of the cause of action in the said suit;

Your petitioner therefore prays that the said judgment may be opened, and that he may be permitted to appear in this Court and disprove or avoid the said debt or claim, and he will ever pray, etc.

(The above petition was duly signed and sworn to.)

The property attached was stock of the First National Bank of Harrington.

*Mr. Jones* asked that he be allowed to enter into a recognizance, appear in court and move to dissolve the attachment, citing *Taylor vs. Rossiter, 6 Houst., 485.*

*Mr. Hughes:*—The attachment holds. In the case of *Smalley vs. Levy* (unreported) the Court refused a similar application to dissolve the attachment and had framed an issue; holding that the

attachment held the goods until the question of the title to the property was disposed of.

*Mr. Jones:*—I ask the other, but if I cannot get that I shall have to take the issue.

LORE, C. J.:—Your application is to open the judgment for the purpose of ascertaining what is due thereon, if anything. The judgment is opened for that purpose, but the attachment remains. It is not dissolved. Until we dispose of this question, the property is held by the attachment, subject to the judgment of the Court.